Smith, J.
This action was brought by Mrs. Schroeder, the plaintiff, to enjoin the collection of an assessment levied by the 'Village of St. Bernard on certain real estate owned by her, -situate in said village, for the improvement of Church ■street, one of the streets of said village. The principal grounds on which the relief is sought are these: First, that ■■the resolution declaring it necessary to improve Church ¡street, and the ordinance providing for its improvement were essentially different in this: That the resolution declaring it necessary to improve, passed May 11, 1893, described the improvement to be made thus: “by grading the -same, macadamizing the road bed, and constructing the ■necessary culverts or drains, in accordance with the plans, ¡profiles and specifications on-file in the office of the village •clerk’’, while the ordinance requiring the improvement to 'be made describes it thus: “by grading the same, macadamizing the road bed in accordance with the resolution of ■council adopted May ll, 1893;’’ that is, the ordinance to ■improve leaves out the words, “and constructing the neces•sary culverts or drains, in accordance with the plans, pro *387 files and specifications on file in the office of the city clerk. ”
The evidence shows that the plans and specifications referred to in the resolution were on file in the office of the city clerk, and provided for the culverts and drains, and that they were necessary for the improvement, and were made. And that the ordinance to improve called specifically ■for the improvement declared necessary by the resolution of May 11, 1893.
We think the claim of the plaintiff thatjthese facts make the assessment or any part of it invalid is not well founded.
The cases cited by counsel for defendants we think sustain this view. 34 Ohio St., 101; 5 Ohio St., 225, and 42 Ohio St., 585.
The next claim of the plaintiff is, that as to one of the tracts of land abutting on the improvement, the part assessed for the same is not of sufficient value to' stand such assessment — ’that is, the amount so assessed is more than 25 per cent, of the value thereof after the improvement was ■made.
This controversy arises as to but one of the tracts of land of the plaintiff. It abuts upon the street improved for about eight hundred and fifty-seven feet, and the assessment was made only on the one hundred and fifty feet north of ■the street, the land being in bulk, and the usual depth of lots in the neighborhood being one hundred and fifty feet/
There can be no question on the evidence, but that all of the tract so assessed is amply able to bear the assessment, ■except about two hundred and fifty feet thereof at the west side of the tract. This two hundred and fifty feet, owing to the surface being considerably below the grade of the street, ■is not so valuable, and if that part can be set off and considered as a separate tract, we would feel constrained to hold that the assessment as to this part was over 25 per cent, of its value. But we see no reason for making any such subdivision, and hold that for this purpose the tract must be *388 considered as one tract. And if this be so, we think it clear from the evidence, that the amount of the assessment does not exceed or equal 25 per cent, of the value of the assessed tract, after the improvement was made.
Theodore Horstman, for Plaintiff.
Samuel B. Hammel, for Defendant.
It is further claimed that this case comes within the principles of the decision of the supreme court of the United States in the case of Baker v. Norwood, recently decided. That the assessment was an arbitrary one, by the front foot, and not on the principle of benefits. The assessment by the foot front has been frequently and expressly upheld by our own supreme court. We think that the question of assessments by the front foot was not directly involved in the Baker case, the question there being whether when the property of one person is condemned by a municipal corporation, the condemnation money, with all]]’ the costs and expenses of the condemnation, can legally be[assessed upon the owner of the property from whom it was taken, and the holding of the court in that case seems to us eminently just and correct. As we understand, no other question was before that court, and in view of the repeated decisions of our own courts as to the legality of assessments by the front foot, we are not disposed to hold [them invalid.
The result in this case is, that there should ¡[be a [decree for the defendants.